# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| CRAIG JOSEPH HINDE,<br><br>  Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>  Defendant. | No. C18-2052-LTS<br><br>MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION |

## I.  INTRODUCTION

This case is before me on a Report & Recommendation (R&R) by the Honorable Mark A. Roberts, United States Magistrate Judge. Doc. No. 15. Judge Roberts recommends that I reverse the decision of the Commissioner of Social Security (the Commissioner) denying plaintiff Craig Hinde's application for disability insurance benefits (DIB) under Titles II of the Social Security Act (the Act), 42 U.S.C. §§ 401–34, and remand for further proceedings. Hinde has filed objections to the R&R. Doc. No. 16. The Commissioner has not filed objections or responded to Hinde's objections and the deadlines for these actions have expired.

## II.  APPLICABLE STANDARDS

### A.  *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate

to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003) (quoting *Kelley v. Callahan*, 133 F.3d 583, 587 (8th Cir. 1998)). The Eighth Circuit has explained that the standard "is something less than the weight of the evidence and allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (quoting *Turley v. Sullivan*, 939 F.2d 524, 528 (8th Cir. 1991)).

To determine whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court "must search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003). However, the court does not "reweigh the evidence presented to the ALJ," *id.* at 555, or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citation omitted).

If, after reviewing the evidence, the court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even if the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (citation omitted). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

*B.    Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## III.   DISCUSSION

Judge Roberts recommends that the Commissioner's decision be reversed and remanded for two reasons: (1) the ALJ failed to fully develop the record regarding Hinde's neuropathy and (2) the ALJ failed to properly evaluate Hinde's subjective complaints. Doc. No. 15 at 8–17, 21–25, 30. The only findings in the R&R adverse to Hinde are (1) the ALJ did not fail to fully develop the record with regard to Hinde's podiatrist's records that were filed later in the proceedings and (2) Hinde's Appointments Clause challenge was untimely. *Id.* at 18–21, 25–30.

Although Hinde has filed objections regarding the latter two findings, his objections are, in his own words, "less than vigorous," and appear to be made out of an abundance of caution. Doc. No. 16 at 2–3. Indeed, he acknowledges his objections are most likely moot because Judge Roberts recommends that Hinde's case be reversed and remanded on grounds to which neither party has objected. *Id.*

I have reviewed for clear error the findings to which no party has objected. Judge Roberts applied the appropriate legal standards in considering whether the ALJ failed to develop the record regarding Hinde's neuropathy and whether the ALJ failed to appropriately evaluate Hinde's subjective complaints. Based on my review of the record, I find no error – clear or otherwise – in those findings or in Judge Roberts' ultimate recommendation.

Because the case will be remanded on those grounds, I agree that Hinde's objections are moot and will overrule them on that basis. On remand, Hinde may present evidence from his podiatrist for consideration by the ALJ. He may also challenge the appointment of the ALJ over his case.

## IV.   CONCLUSIONS

For the reasons set forth herein:

1. Hinde's objections (Doc. No. 16) are **overruled** and I **accept** the Report and Recommendation (Doc. No. 15) **without modification**.

2. Pursuant to Judge Roberts' recommendation, the Commissioner's determination that Hinde was not disabled is **reversed** and this case is **remanded** to the Commissioner for further proceedings consistent with this order.
3. Judgment shall enter in favor of the plaintiff and against the defendant.
4. If Hinde wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G).

**IT IS SO ORDERED.**
**DATED** this 11th day of March, 2020.

_____
Leonard T. Strand, Chief Judge